**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| TIM BRANDT | § | |
| VS. | § | CIVIL ACTION NO. 9:20-CV-211 |
| UNKNOWN PEGODA,<br>ATC SUPERVISOR | § | |

### MEMORANDUM OPINION AND ORDER OVERRULING OBJECTIONS AND ACCEPTING REPORT AND RECOMMENDATION

Plaintiff, Tim Brandt, an inmate confined at the Polunsky Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against defendant FNU Unknown Pegoda, ATC Supervisor.

The court referred this matter to the Honorable Keith Giblin, United States Magistrate Judge, at Lufkin, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends denying plaintiff's denial of access to courts claim and Motion for Temporary Restraining Order and Motion for Preliminary Injunction (docket entry no. 8).

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the records, and pleadings. Plaintiff filed Objections on December 28, 2020 (docket entry no. 10). This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

As outlined by the Magistrate Judge, plaintiff seeks a motion for temporary restraining order and/or motion for preliminary injunction "to ensure [he] receives access to courts" and is able to "redress grievances." *Id.* (citing Complaint, docket entry no. 1). Plaintiff alleges the defendant refused to mail his suit in "one box" which would cost only $42.00. *Id.* According to plaintiff, the defendant insisted the suit would have to be sent piecemeal over the course of thirty weeks at the cost of more than $150.00. *Id.*

The Magistrate Judge ordered plaintiff to replead his cause of action to which plaintiff responded confirming it was his intent to file a class action suit relating to child support payments where the class complains they have been denied the ability to pay child support. *Id*. Plaintiff responded the law library supervisor refused to mail the suit in one box as the $42.00 exceeded the $2.75 allowed for weekly legal mail postage. *Id*. Plaintiff stated he sought permission to exceed the $2.75 limit and it was denied. *Id*. According to plaintiff, the law library supervisor said the suit had to be mailed piecemeal in order to avoid exceeding the $2.75 weekly legal mail postage limit. *Id*. Plaintiff complained the court will not accept piecemeal litigation. *Id*.

In the Report and Recommendation, the Magistrate Judge recommends plaintiff's claim for a denial of access to courts and the Motion for Temporary Restraining Order and Motion for Preliminary Injunction be dismissed as frivolous and for failure to state a claim. First, the Magistrate Judge explained that any official capacity suit against the defendant for monetary damages should be dismissed pursuant to *Saahir v. Estelle*, 47 F.3d 758, 762 (5th Cir. 1995). Second, the Magistrate Judge outlined that plaintiff's claim for a denial of access to courts fails as a matter of law as plaintiff's class action suit relating to child support payments does not involve a legal claim that challenges his conviction or conditions of confinement pursuant to *Lewis v. Casey*, 518 U.S. 343 (1996) ("[i]mpairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration"). As a result, the Magistrate Judge concluded that Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction should be denied as plaintiff could not show a substantial likelihood of success on the merits.

Plaintiff's complains that his Motion for Temporary Restraining Order and Motion for Preliminary Injunction were improperly converted to a suit pursuant to 42 U.S.C. § 1983. In order for this Court to enjoin the state actor sued by plaintiff, there must be an underlying federal constitutional claim against that defendant. The Magistrate Judge properly construed the claim as a claim for denial of access to courts pursuant to 42 U.S.C. § 1983. Regardless, plaintiff's claim and Motion for Temporary Restraining Order and Motion for Preliminary Injunction were mooted when plaintiff filed

his Motion for Leave to File Excess Pages on June 14, 2021 (docket entry no. 12). Plaintiff now seeks leave to file his class action lawsuit which was mailed to the Clerk of Court in one large box, comprising almost 500 pages.

ORDER

Accordingly, plaintiff's Objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is **PARTIALLY ACCEPTED** to the extent it recommends dismissal. A Final Judgment will be entered in accordance with the recommendation of the Magistrate Judge.

**So Ordered and Signed**
**Jun 24, 2021**

_____
Ron Clark
Senior Judge