**\*\* NOT FOR PRINTED PUBLICATION\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| TIM BRANDT | § | |
| VS. | § | CIVIL ACTION NO. 9:20-CV-211 |
| UNKNOWN PEGODA, ATC SUPERVISOR | § | |

**MEMORANDUM OPINION AND ORDER**

  Plaintiff, Tim Brandt, an inmate confined at the Polunsky Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendant FNU Unknown Pegoda, ATC Supervisor.

  The Magistrate Judge recommended denying Plaintiff's claim for denial of access to courts and Motion for Temporary Restraining Order and Motion for Preliminary Injunction (Doc. # 8). Plaintiff filed Objections which were overruled. A Final Judgment was entered in this matter on June 24, 2021, dismissing Plaintiff's civil rights action and Motion for Temporary Restraining Order and Motion for Preliminary Injunction as moot (Doc. # 15). Plaintiff filed Notices of Appeal on July 13, 2021 (Doc. # 16) and on August 20, 2021 (Doc. # 20). Currently pending is Plaintiff's Motions for Leave to Appeal *In Forma Pauperis* (Doc. #s 19 & 22).

  A brief procedural history of this case is necessary to explain why this Court will certify that this appeal is not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a)(3). Plaintiff filed the above-referenced complaint on October 22, 2020 (Doc. # 1). Plaintiff sought a temporary restraining order and/or preliminary injunction "to ensure [he] receives access to courts" and is able to "redress grievances." *Id*. Plaintiff contended that the Defendant refused to mail his suit in "one box" which would cost only $42.00. *Id*. According to Plaintiff, the Defendant insisted the suit would have to be sent piecemeal over the course of thirty weeks at the cost of more than $150.00. *Id*.

On October 26, 2020, the Magistrate Judge entered an order requiring Plaintiff to replead his cause of action (Doc. # 4). Plaintiff responded and confirmed the suit he was seeking to file was a class action suit relating to child support payments where the class complained they were denied the ability to pay child support (Doc. # 5). Plaintiff clarified that the law library supervisor refused to mail the suit in one box as the $42.00 exceeded the $2.75 allowed for weekly legal mail postage. *Id*. Plaintiff stated he sought permission to exceed the $2.75 limit and it was denied. *Id*. According to Plaintiff, the law library supervisor said the suit had to be mailed piecemeal in order to avoid exceeding the $2.75 weekly legal mail postage limit. *Id*. Plaintiff complained the court will not accept piecemeal litigation. *Id*.

The Magistrate Judge recommended Plaintiff's claim for a denial of access to courts and the Motion for Temporary Restraining Order and Motion for Preliminary Injunction be dismissed as frivolous and for failure to state a claim. Report and Recommendation (Doc. # 8). The Magistrate Judge explained that any official capacity suit against the Defendant for monetary damages should be dismissed pursuant to *Saahir v. Estelle*, 47 F.3d 758, 762 (5th Cir. 1995). *Id*. Second, the Magistrate Judge explained that Plaintiff's claim for denial of access to courts failed as a matter of law as Plaintiff's class action suit relating to child support payments does not involve a legal claim that challenges his conviction or conditions of confinement pursuant to *Lewis v. Casey*, 518 U.S. 343 (1996) ("[i]mpairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration."). *Id*. As a result, the Magistrate Judge concluded that Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction should be denied as Plaintiff could not show a substantial likelihood of success on the merits. *Id*.

In his Objections, Plaintiff complained that his Motion for Temporary Restraining Order and Motion for Preliminary Injunction were improperly converted to a suit pursuant to 42 U.S.C. § 1983. Objections (Doc. # 10). In the Memorandum Opinion and Order Overruling the Objections, this Court explained that in order for a court to enjoin a state actor, there must be an underlying federal constitutional violation. Memorandum Opinion and Order (Doc. # 14). The only federal

constitutional violation alleged by Plaintiff was a denial of access to courts. As such, this Court determined that the Magistrate Judge properly construed the claim as a claim for denial of access to courts pursuant to 42 U.S.C. § 1983. Regardless, after his Objections, Plaintiff filed a Motion for Leave to File Excess Pages wherein Plaintiff sought leave to file the class action lawsuit which was mailed to the Clerk of Court in one large box, comprising almost 500 pages (Doc. # 12).

Regardless of the viability of Plaintiff's § 1983 claim regarding child support payments, this Court properly determined that Plaintiff's claim of denial of access to courts, Motion for Temporary Restraining Order and Motion for Preliminary Injunction were mooted when Plaintiff mailed and filed the class action lawsuit. *Id*. To prevail on a claim that his right of access to court has been violated, a prisoner must demonstrate prejudice or harm by showing that his ability to pursue a "nonfrivolous," "arguable" legal claim was hindered by the defendant's actions. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (internal quotation marks omitted); *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *see also Johnson v. Rodriguez*, 110 F.3d 299, 311 (5th Cir. 1997). He must identify the nonfrivolous, arguable legal claim. *Id*. There is no constitutional violation when a prisoner has time to submit legal documents to a court despite impediments caused by the officials. *Richardson v. McDonnell*, 841 F.2d 120, 122 (5th Cir. 1988). A civil rights claim cannot be based on "minor and short-lived impediments to access" in the absence of actual prejudice. *Chandler v. Baird*, 926 F.2d 1057, 1063 (5th Cir. 1991).

Based on the foregoing, it is **ORDERED** that Plaintiff's Motions for Leave to Appeal *In Forma Pauperis* (Doc. #s 19 & 22) is **DENIED**. Pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a)(3), the Court certifies that the appeal is not taken in good faith. Although this Court has certified that the appeal is not taken in good faith under 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a)(3), Plaintiff may challenge this finding pursuant to *Baugh v. Taylor*, 117 F.3d 197 (5th Cir. 1997), by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of Court, United States Court of Appeals for the Fifth Circuit, within thirty (30) days of this order. The cost to file a motion to proceed on appeal with

the Fifth Circuit is $505.00. If Plaintiff chooses to file a separate motion to proceed *in forma pauperis* on appeal, Plaintiff must file a new motion that complies with the statutory requirements of 28 U.S.C. § 1915. It is, further,

**ORDERED** that Plaintiff's Motion to Stay Judgment (Doc. # 17) and Motion for Extension of Time to Perfect Appeal (Doc. # 18) are **DENIED** as Moot as Plaintiff filed Notices of Appeal on July 13, 2021 (Doc. # 16) and on August 20, 2021 (Doc. # 20).

So ORDERED and SIGNED, Sep 17, 2021.

_____
Ron Clark
Senior Judge